HANSON BRIDGETT LLP
KURT A. FRANKLIN, SBN 172715
kfranklin@hansonbridgett.com
DANIELLE A. HINTON, SBN 273469
dhinton@hansonbridgett.com
425 Market Street, 26th Floor
San Francisco, California 9 4105
Telephone:   (415) 777-3200
Facsimile:   (415) 541-9366

Attorneys for SAFARI WEST, INC., a California Corporation; PETER ANTON LANG and NANCY ANNE LANG, individuals and as Trustees of the LANG 2003 TRUST dba SAFARI WEST

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD SKAFF and CONNIE ARNOLD,<br><br>Plaintiffs,<br><br>v.<br><br>SAFARI WEST, INC., a California Corporation; PETER ANTON LANG and NANCY ANNE LANG, individuals and as Trustees of the LANG 2003 TRUST dba SAFARI WEST; and DOES 1 through 10 inclusive,<br><br>Defendants. | CASE NO. CV 11-0869 LB<br><br>STIPULATION FOR DISMISSAL OF ACTION WITH PREJUDICE AND [PROPOSED] ORDER FOR COURT TO RETAIN JURISDICTION TO ENFORCE SETTLEMENT AGREEMENT<br><br>Action Filed:   February 24, 2011 |

IT IS HEREBY STIPULATED by and between Plaintiffs Richard Skaff and Connie Arnold, and Defendants Safari West, Inc., Peter Anton Lang and Nancy Ann Lang, individuals and as Trustees of the Lang 2003 Trust dba Safari West, the parties to this action, by and through their respective counsel, that pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), the above-captioned action be dismissed with prejudice in its entirety.  Each side shall pay its own attorneys' fees and costs except as expressly set forth in the Settlement Agreement and Release: Defendants agree to the dismissal with prejudice.

Further, Plaintiff and Defendants have entered into the attached "Settlement Agreement and Release" which settles all aspects of the lawsuit against Defendants without admission by any party of wrongdoing, liability, or fault. The Settlement Agreement and Release states in part-that "The Court shall retain jurisdiction to enforce this Agreement and its Exhibit B." To ensure that the parties have the ability to seek this Court's help in enforcing enforcement of the Settlement Agreement and Release, the parties respectfully ask the Court to retain jurisdiction to enforce the terms of the Settlement Agreement and Release if it is necessary: Plaintiff and Defendants Stipulate to the Court retaining jurisdiction to enforce the "Settlement Agreement and Release" and its Exhibit B.

This Stipulation and Order may be signed in counterparts, and facsimile or electronically transmitted signatures shall be valid and binding as original signatures.

Wherefore, Plaintiff and Defendants, by and through their attorneys of record, so stipulate.

DATED: June 25, 2013

HANSON BRIDGETT LLP

By: _____
KURT A. FRANKLIN
Attorneys for SAFARI WEST, INC., a California Corporation; PETER ANTON LANG and NANCY ANNE LANG, individuals and as Trustees of the LANG 2003 TRUST dba SAFARI WEST

DATED: June ___, 2013

BARBOSA GROUP

By: _____
PATRICIA BARBOSA, Esq.
Attorney for Plaintiffs
RICHARD SKAFF and CONNIE ARNOLD

Further, Plaintiff and Defendants have entered into the attached "Settlement Agreement and Release" which settles all aspects of the lawsuit against Defendants without admission by any party of wrongdoing, liability, or fault. The Settlement Agreement and Release states in part-that "The Court shall retain jurisdiction to enforce this Agreement and its Exhibit B." To ensure that the parties have the ability to seek this Court's help in enforcing enforcement of the Settlement Agreement and Release, the parties respectfully ask the Court to retain jurisdiction to enforce the terms of the Settlement Agreement and Release if it is necessary: Plaintiff and Defendants Stipulate to the Court retaining jurisdiction to enforce the "Settlement Agreement and Release" and its Exhibit B.

This Stipulation and Order may be signed in counterparts, and facsimile or electronically transmitted signatures shall be valid and binding as original signatures

Wherefore, Plaintiff and Defendants, by and through their attorneys of record, so stipulate.

DATED: June ___, 2013          HANSON BRIDGETT LLP


By: _____
KURT A. FRANKLIN
Attorneys for SAFARI WEST, INC., a
California Corporation; PETER ANTON LANG
and NANCY ANNE LANG, individuals and as
Trustees of the LANG 2003 TRUST dba
SAFARI WEST

DATED: June 20, 2013          BARBOSA GROUP


By: *(signature)*
PATRICIA BARBOSA, Esq.
Attorney for Plaintiffs
RICHARD SKAFF and CONNIE ARNOLD

4932294.3

-2-

CV11-0869 LB

STIPULATION FOR DISMISSAL OF ACTION WITH PREJUDICE AND ~~[PROPOSED]~~ ORDER FOR COURT TO RETAIN JURISDICTION TO ENFORCE SETTLEMENT AGREEMENT

[PROPOSED] ORDER

The parties having so stipulated, IT IS HEREBY ORDERED that this action be dismissed with prejudice it its entirety. Each side shall pay its own attorneys' fees and costs.

The Court shall retain jurisdiction to enforce the parties' "Settlement Agreement and Release" and its Exhibit B.

Dated: 0̸7/10/2013

_____
MAGISTRATE JUDGE LAUREL BEELER

## SETTLEMENT AGREEMENT AND RELEASE

THIS SETTLEMENT AGREEMENT AND RELEASE (the "Agreement") is entered into by and between Richard Skaff and Connie Arnold (collectively referred to as "Plaintiffs") on the one hand and Safari West, Inc., and Peter Anton Lang and Nancy Anne Lang, as individuals and trustees of the Lang 2003 Trust d/b/a Safari West ("Defendants" or "Safari West") on the other hand.

## RECITALS

WHEREAS, on February 24, 2011, Plaintiffs filed a complaint in the United States District Court for the Northern District of California entitled *Richard Skaff and Connie Arnold, Plaintiffs v. Safari West, Inc., a California Corporation; Peter Anton Lang and Nancy Anne Lang, individuals and as Trustees of the Lang 2003 Trust dba Safari West; and Does 1 through 10, inclusive, Defendants*, Case No. CV 11-0869 LB (hereinafter the "Action").

WHEREAS, Plaintiffs are "persons with disabilities" who require the use of wheelchairs for locomotion. Plaintiffs allege in the Action that they are unable to use portions of public facilities which are not accessible to disabled persons such as themselves who require the use of wheelchairs. Among other things, Plaintiffs allege that their claims in the Action involve denial of disabled access to them at the Safari West Wildlife Preserve (the "Preserve") in Santa Rosa, California. Plaintiffs allege they were denied equal protection of the law and were denied Civil Rights under both California law and federal law at the Preserve on grounds that the Preserve is not accessible to persons with disabilities such as themselves who use wheelchairs as required by (1) Title III of the Americans with Disabilities Act (ADA Title III), (2) California Civil Code's Disabled Persons Act, Sections 54 and 54.1 *et seq.*, (3) California Civil Code Sections 51 *et seq.*, and (4) California Health and Safety Code Sections 19955 *et seq*. In response to Defendants' assertion that it has provided Plaintiffs "meaningful access," Plaintiffs also allege that Defendants have not provided them meaningful access to the Preserve which is the subject of the Action. Plaintiffs allege entitlement to injunctive relief, damages, and attorney's fees, litigation expenses, and costs pursuant to, among others, 42 U.S.C. Section 12205, sections 52, 54.3 and 55 of the California Civil Code, section 19953 of the California Health & Safety Code, and section 1021.5 of the California Code of Civil Procedure.

WHEREAS, Defendants deny any wrongdoing and each of Plaintiffs' allegations and contentions of law, including allegations related to their claimed denial of meaningful access to Defendants' Preserve and related services.

WHEREAS, Defendants further deny that Plaintiffs have standing to enforce any disability-access claims related to the Preserve.

WHEREAS, Defendants deny that Plaintiffs were a catalyst to change and specifically assert that they had an improvement plan in place for the Preserve that contemplated the equitable relief.

WHEREAS, Defendants affirmatively assert that they have provided wheelchair users and other persons with disabilities, including Plaintiffs, meaningful access to its services and further asserts that the Preserve meets applicable access guidelines.

WHEREAS, Plaintiffs deny each of the Defendants' assertions and statements.

WHEREAS, the parties have used the Northern District of California's ADR Program in an effort to resolve their differences and met in person with ADR Program Staff Attorney Daniel Bowling for a full day on March 27, 2012, and regularly coordinated through Mr. Bowling on subsequent settlement communication.

WHEREAS, as a way to avoid further litigation and uncertainty, Plaintiffs and the Defendants wish to settle this matter as per the terms included in this Settlement Agreement.

## WITNESSETH

IT IS THEREFORE AGREED by and among the parties hereto as follows:

1. **Dismissal with Prejudice.** Within 15 days of receipt by Plaintiffs' counsel of this Agreement executed by all parties, and approved by the Court, Plaintiffs' shall deliver to the Defendants' attorney of record an executed Stipulation of Dismissal with Prejudice ("Dismissal"), a copy of which is attached hereto as Exhibit A. Defendants shall e-file the stipulation within 5 days of receipt of the stipulation executed by Plaintiffs' counsel.

2. **Settlement Compensation.** Upon full execution of this Agreement, and filing of the executed Dismissal with Prejudice, and the Court's order dismissing the Action with Prejudice, Defendants shall pay to Plaintiffs the total sum of $75,000.00 ("Settlement Sum") in full and final settlement of Plaintiffs' claims for all alleged damages or penalties, including physical injury, and in full and final payment for all of Plaintiffs' attorney's fees, litigation expenses, and costs, provided, however, that the Settlement Sum and it's included payment for attorney's fees, litigation expenses, and costs does not include the amounts, if any, to which Plaintiffs may become entitled if Defendants breach this Agreement and initiation of an action or court proceeding is necessary to ensure compliance. The Settlement Sum shall be made by a single check, payable to Plaintiffs' attorney of record "Barbosa Group Client Trust Account " and shall be mailed or delivered 16531 Bolsa Chica, Huntington Beach, CA 92649 no later than 10 business days of the Defendants receiving the fully executed Agreement and Dismissal, and the Court's order dismissing the matter with prejudice.

3. **Equitable Relief.** The Defendants have performed or shall perform the work in the attached Exhibit B, and in the time set forth in Exhibit B. Plaintiffs understand that the Defendants dispute liability. There is no agreement that the Defendants will perform work unless as expressly set forth in Exhibit B. If an item set forth in Exhibit B is completed, Plaintiffs accept the work for the completed items. As to items that still need to be completed, once the remaining work is completed Defendants counsel will notify Plaintiffs' counsel, who may at their own expense have CASp certified expert Peter Margen inspect the remaining work and verify it is completed in accordance with either the agreed upon fixes or with the applicable

accessibility standards. The inspection shall be limited to the to-be-completed items in Exhibit B.

Defendants shall complete the remaining items that are not already completed within the time period identified (generally within 12 to 36 months). Defendants shall provide Plaintiffs written notice upon completion of the remaining to-be-completed work items, and provide a reasonable time for inspection of the work. As to these remaining items, if Plaintiffs object to any work performed by the Defendants pursuant to this Agreement, they must do so by written service of notice within 60 days of the Defendants' service of a written notice of completion on Plaintiffs, and Plaintiff's reasonable opportunity to conduct an inspection. Plaintiffs' objections shall be sufficiently detailed to allow the Defendants to understand Plaintiffs' concerns. If the Defendants determine to perform further work, it shall so notify the Plaintiffs in writing within 30 days of service of the Plaintiffs' written objections, with sufficient detail for Plaintiffs to understand the work to be performed and the timing of such work.

If the parties do not agree on whether the Defendants will or will not perform the further work requested by Plaintiffs, they shall so notify the Plaintiffs in writing within 30 days of service of the Plaintiffs' written objections, and they shall meet and confer in person within 90 days of Plaintiffs' objection in an effort to resolve their differences. If within 120 days of Plaintiff's objections the parties have still been unable to resolve their differences, then pursuant to Paragraph 4, Plaintiffs may seek the Court's assistance to enforce this Agreement. Notwithstanding any other provision of this agreement, the Parties agree that Plaintiffs expressly reserve any right they have under applicable law to seek attorneys' fees and litigation costs in the event that Plaintiffs must obtain the Court's assistance to enforce this Agreement after completing the dispute resolution procedures as described above, and the Parties agree that the Defendants expressly reserves any right they have to oppose Plaintiffs' request for such fees, litigation expenses, and costs.

4. **Court Retention of Jurisdiction.** The Court shall retain jurisdiction to enforce this Agreement, and this Agreement and Exhibit B shall be an exhibit to the dismissal with prejudice.

5. **Mutual Release of All Claims.** Except for all the obligations of the Defendants and Plaintiffs contained in this Agreement, in consideration of the dismissal of the Complaint, and said payment hereunder and the provisions, terms, covenants and promises contained in this Agreement, Plaintiffs, and Defendants on behalf of themselves, their heirs, executors, successors and assigns, hereby fully, finally and forever release, acquit and discharge Defendants, and each of their successors, assigns, officers, directors, agents, representatives, employees, attorneys, indemnitors, and insurers, and each of them of and from any and all claims, claims for money, demands, actions, causes of action, liabilities, obligations, damages of any kind whatsoever (including, but not limited to those for monies, monetary or pecuniary damages, pecuniary loss, physical injuries, personal injuries, emotional or mental distress), equitable relief of any kind whatsoever, and attorneys' fees, costs or expenses of any kind whatsoever, whether known or unknown, arising from any cause whatsoever, including, but not limited to those referred to, connected with or arising from causes of action, matters, events, occurrences, failures to act and omissions which were or could have been alleged in the Action. It is the intent of the parties that the Agreement and this release will be broadly construed for the purpose of carrying out the intentions of the parties. The terms and conditions of the Agreement shall survive the foregoing release.

6. **Civil Code Section 1542 Release.** Plaintiffs acknowledge and agree that they are aware of and understand the provisions of Code of Civil Procedure Section 1542 quoted below and freely, voluntarily and knowingly waive the benefits of said section which provides:

> *"A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her most have materially affected his or her settlement with the debtor."*

7. **Attorneys' Fees.** Plaintiffs agree not to make a separate claim for attorney's fees, litigation expenses, or costs incurred to the date of execution of this Agreement in connection with the Action as such claims are already incorporated into the Settlement Compensation paid to Plaintiffs under Paragraph 2 of the Agreement, and precluded by Paragraph 5 of the Agreement.

8. **No Admission - Compromise.** It is understood that the Agreement does not constitute an admission by the parties of any liability but is in compromise of disputed claims, and the Agreement shall not be admissible in any action or proceeding of any kind whatsoever as an admission or concession of liability or fault.

9. **Representation and Warranty.** Plaintiffs represent and warrant that they have not sold, assigned, conveyed or otherwise transferred, prior to the date of the Agreement, any interest in any claim or demand which they had or now have or may claim to have which is released hereunder, and hereby agrees that they shall not ever sell, assign, convey or otherwise transfer any such claim or demand.

Plaintiffs agree to cooperate with Defendants (and each of its successors, assigns, officers, directors, agents, representatives, employees, attorneys, indemnitors, and insurers, and each of them) in any action or claim against Defendants involving any and all liens, subrogation claims and other rights that are asserted by any person against the amount paid in settlement of the Action or against any recovery by the Plaintiffs in the Action.

10. **Defense to Other Proceeding.** This Agreement may be pled as a full-and-complete defense to, and may be used as the basis for an injunction against, any action, suit, or other proceeding which may be instituted or attempted in breach of this Agreement.

11. **Advice of Counsel.** The parties hereto, and each of them, represent and warrant that they have been fully advised by their respective attorneys concerning their rights and have further been advised by their attorneys as to the terms and effect of the Agreement and/or the Dismissal with Prejudice.

12. **Voluntary.** It is expressly understood and agreed that the Agreement has been freely and voluntarily entered into by the parties, and each of them, that no representations or promises of any kind other than as contained in the Agreement have been made by any party to induce any other party to enter into the Agreement (including, without limitation, any representations or promises concerning any tax ramifications of this Agreement, as to which each party relies solely upon the advice (if any) of her or its own counsel and/or accountant), that the Agreement constitutes the entire understanding of the parties with respect to the settlement, and

that the Agreement may not be altered, amended, modified or otherwise changed except by a writing executed by each of the parties hereto.

13. **Cooperation and Further Documentation.** Each party hereto agrees to execute and deliver any and all documents and to take any and all actions necessary or appropriate to consummate the Agreement and to carry out its terms and provisions.

14. **Inure to Benefit of Successors, Heirs and Assigns.** The Agreement shall be binding on and inure to the benefit of the successors, heirs and assigns of the respective parties hereto.

15. **Entire Agreement.** The Agreement contains the entire written agreement between the parties and shall be effective upon the last date of execution. The terms of the Agreement are contractual and not a mere recital; any representations or promises not specifically detailed in this document will not be valid or binding on the parties to this Agreement. Any modification to the terms of this Agreement must be made in writing and signed by all parties to this Agreement.

16. **Applicable Law.** The Agreement shall be construed in accordance with the substantive laws of the United States of America and the State of California.

17. **Ambiguities.** Plaintiffs and Defendants have both reviewed the Agreement and have been given full opportunity to participate in choosing the language to be used herein. The parties further acknowledge that they have been given the opportunity to discuss the contract language with their respective attorneys, and have bargained concerning the same. The language in this Agreement shall be interpreted as to its fair meaning and not strictly construed for or against any party.

18. **Saving Clause.** If any provision or term of this Agreement or its application to any person or entity or circumstance shall be held by a court to be invalid or unenforceable, the remainder of this Agreement or the application of such provision to persons, entities or circumstances other than those to which it is held invalid or enforceable shall not be affected and each provision of this Agreement shall be enforced to the fullest extent permitted by law.

19. **Counterparts and Facsimile or Electronically Transmitted Signatures.** The Agreement may be executed in counterpart and fully executed agreements by counterparts shall serve as if one document had been executed in full by all parties hereto, and facsimile or electronically transmitted signatures shall be valid and of the same force and effect as original signatures.

**PLEASE READ CAREFULLY. THIS SETTLEMENT AGREEMENT INCLUDES A RELEASE OF ALL KNOWN OR UNKNOWN CLAIMS.**

Dated: 6/20/2013

RICHARD SKAFF

-5-

5195369.1

Dated: 6/20/13

_____
CONNIE ARNOLD

Dated: _____

SAFARI WEST, INC.

By: _____

Name: _____

Dated: _____

_____
PETER ANTON LANG

Dated: _____

_____
NANCY ANNE LANG

**APPROVED AS TO FORM:**

HANSON BRIDGETT LLP

BARBOSA GROUP

By: _____
KURT A. FRANKLIN
Attorney for Defendants
SAFARI WEST, INC., PETER ANTON LANG, and NANCY ANNE LANG

By: _____
PATRICIA BARBOSA
Attorneys for Plaintiffs
RICHARD SKAFF and CONNIE ARNOLD

Dated: _____

Dated: _____

Dated: 6/21/2013

Dated: 6/21/2013

APPROVED AS TO FORM:

HANSON BRIDGETT LLP

By: _____
KURT A. FRANKLIN
Attorney for Defendants
SAFARI WEST, INC., PETER ANTON
LANG, and NANCY ANNE LANG

_____
CONNIE ARNOLD

SAFARI WEST, INC.

By: _____
Name: _____
PETER ANTON LANG

_____
NANCY ANNE LANG

BARBOSA GROUP

By: _____
PATRICIA BARBOSA
Attorneys for Plaintiffs
RICHARD SKAFF and CONNIE
ARNOLD

# EQUITABLE RELIEF ITEMS

## (SKAFF v. SAFARI WEST)

| Item No. | Action to be Completed | Action Completed | Detailed Description of Work |
|---|---|---|---|
| 1.2 | | X | Parking space was restriped and now measures 9 feet 2 ½ inches wide. |
| 1.4 | | X | "NO PARKING" painted on access aisle. |
| 1.5 | | X | Drop off at head of disabled parking space was filled in and a curb was added. |
| 1.6 | | X | Van accessible parking space was restriped to allow for the requested 9 feet width. |
| 1.8 | | X | "NO PARKING" has been repainted. |
| 2.1 | | X | A 60" x 60" level landing has been added to each intersection of the path of travel from accessible parking space Nos. 1 and 2. Also, a level landing of 72" x 60" has been added at the top and bottom of the series of ramps. |
| 2.2 | | X | For the gift shop ramp, a 60" x 60" level landing is provided at every intersection of the path of travel. Also, a level landing of 72" x 60" has been added at the top and bottom of a series of ramps. |
| 2.3 | X | | A lower horizontal member for all levels of the ramp handrail is provided for the visually impaired. In addition, a horizontal member handrail for the upper level landing at the Trading Post entrance will be added. |
| 2.4 | X | | Handrails will be added to the women's restroom area near the Savannah Café if the slope exceeds 6.6% and is longer than 72". This will be completed within 12 months. |
| 2.6 | | X | Alternate accessible outdoor dining patio constructed, because modifying exiting patio posed hardship. |
| 2.8 | | X | An accessible path of travel provided by removing the fence between the accessible restrooms and Delilah's snack bar, creating an accessible path of travel from the patio area to the upper dining area and Delilah's. |
| 2.9 | | X | Handrails added to the stairs between the patio area and Delilah's Snack |

**EXHIBIT B**

4936778.3

# EQUITABLE RELIEF ITEMS

## (SKAFF v. SAFARI WEST)

| Item No. | Action to be Completed | Action Completed | Detailed Description of Work |
|---|---|---|---|
|  |  |  | Bar. |
| 2.10 |  | X | Contrast stripping repainted on the stairs between the patio area and Delilah's Snack Bar. |
| 2.11 and 2.12 |  | X | Accessible pathways to view the different animal areas have been developed. |
| 2.14 | X |  | The aviary pathway is being resurfaced. The project has been started and will be completed within 12 months. |
| 2.15 |  | X | Doors and gates to animal areas may only be opened by staff; door labeled appropriately. |
| 2.17 | X |  | Accessible path from accessible tents to an accessible observation area near the Lemur Island to be constructed within 24 months. |
| 2.17 and 2.18 | X |  | An accessible alternative route or viewing area for Lemur Island will be completed within 24 months. |
| 2.18, 2.19, 2.20 and 2.21 |  | X | Non public areas labeled appropriately. |
| 3.1 |  | X | A check-in location has been relocated outside, and a new check-in location has been added to the gift shop where a lowered counter is installed. |
| 3.2 |  | X | Exterior ramps were built to provide access to all three levels of the gift store. |
| 3.3 |  | X | Lower customer service counter provided. The register has been moved from the intermediate level to the lower level on a counter compliant with ADA recommendations. |
| 3.4 |  | X | The stair risers have been reconstructed to meet the 7" maximum. |
| 3.5 |  | X | The handrails have been reconstructed to parallel the floor surface. |
| 3.6 |  | X | The handrails have been reconstructed to extend 12" plus the width of one tread beyond the bottom riser. |

**EXHIBIT B**

4936778.3

# EQUITABLE RELIEF ITEMS

## (SKAFF v. SAFARI WEST)

| Item No. | Action to be Completed | Action Completed | Detailed Description of Work |
|---|---|---|---|
| 3.7 | | X | An ISA sign has been added to the exterior entrance. |
| 3.8 | | X | Cash register has been moved to lower-level service counter. |
| 3.9 | | X | The handrails have been reconstructed to parallel the floor surface. |
| 3.10 | | X | The handrails have been reconstructed. |
| 3.11 | | X | An ISA sign has been added to the exterior entrance. |
| 3.12 | | X | The threshold has been ground to provide a beveled edge |
| 3.15 | | X | The fence has been removed between the accessible restrooms and Delilah's Snack Bar creating an accessible path of travel from the patio area to the upper dining area and Delilah's. |
| 3.16 | | X | A handrail has been added to the stairway. |
| 3.17 | | X | A lowered bar area has been added. |
| 3.18 | X | | The existing counter will be altered to add a flip-up style 34" counter by January 14, 2014. In the interim, the staff is currently trained to go around the counter to assist customers with accessibility issues. |
| 4.1 | | X | A new tactile (Braille and raised lettering) ISA sign has been installed. |
| 4.2 | | X | Sign has been lowered to 60" AFF on center. |
| 4.3 | | X | The entry door pressure have been adjusted to require less than 5 lbs of force to open the door. |
| 4.5 | | X | A toilet tissue paper dispenser has been mounted within 36" of the rear wall. |
| 4.6 | | X | The entry door pressure has been adjusted to require less than 5 lbs of force to open the door. |
| 4.7 | | X | Pull handles have been added to both the interior and exterior of the stall door. |
| 4.8 | | X | A toilet tissue paper dispenser has been mounted within 36" of the rear |

**EXHIBIT B**

4936778.3

## EQUITABLE RELIEF ITEMS

## (SKAFF v. SAFARI WEST)

| Item No. | Action to be Completed | Action Completed | Detailed Description of Work |
|---|---|---|---|
|  |  |  | wall. |
| 4.33 |  | X | Directional signage to the accessible multi-user restrooms near Delilah's Snack Bar have been added. |
| 5.2 | X |  | Accessible paths of travel will be completed within 24 months. |
| 5.2, 5.3 and 5.27 | X |  | Accessible paths for the accessible tents to common areas have been started, and will be completed within 24 months. |
| 5.4 |  | X | The "drop off" has been filled with material to at least 1/2" from the surface of the parking space and a curb has been added. |
| 5.6 | X |  | The extensions will be added when new handrails are installed and adjusted to proper depth from wall. This will be completed within 12 months. |
| 5.7 | X |  | The gap between the handrail and the wall will be adjusted within 12 months. |
| 5.8 | X |  | When accessible paths are constructed from common areas to the decks of the tents, they will be connected to the deck/landing and will provide the 60" x 60" measurements. This is currently under construction and will be completed within 12 months. |
| 5.9 | X |  | The stairs will be modified when the paths of travel are constructed within 12 months. Alternatively, stairs will be removed. |
| 5.10 | X |  | Contrast will be added to the stairs when the paths of travel are constructed within 12 months. Alternatively, stairs will be removed. |
| 5.11 | X |  | Handrail to be modified when the paths of travel are constructed within 12 months. Alternatively, stairs will be removed. |
| 5.12 | X |  | Handrail to be adjusted/replaced within 12 months. Alternatively, stairs will be removed. |
| 5.14 and 5.15 | X |  | Handrail extensions to be provided within 12 months. Alternatively, stairs |

**EXHIBIT B**

4936778.3

EQUITABLE RELIEF ITEMS

(SKAFF v. SAFARI WEST)

| Item No. | Action to be Completed | Action Completed | Detailed Description of Work |
|---|---|---|---|
| | | | will be removed. |
| 5.16 | | X | 10" kick-plates have been installed. |
| 5.17 | | X | Furniture moved to create 36" between the beds. |
| 5.18 | | X | Clothes rod lowered to within the reach ranges. |
| 5.19 | | X | All 3 lamps in tent and bathroom have been replaced with touch bases in both accessible tents; labeled appropriately. |
| 5.20 | | X | New heaters have been installed and the controls do not require pinching or grasping to operate. |
| 5.21 | | X | 10" kick-plates have installed. |
| 5.22-5.25 | X | | Reasonable modifications to comply with relevant codes will be made within 24 months. For example, an extra shower control will be added to existing California roll-in showers opposite wall structures. |
| 5.26 | | X | New touch-base lamps have been purchased and replaced for all 3 lamps in both accessible tents. |
| 5.27 | X | | Common area pathway slopes to be corrected when accessible paths of travel are installed to the common areas. Drawings have been previously submitted. This is under construction and will be completed within 24 months. |
| 5.28 | X | | Walkway surface material will be modified when accessible paths of travel are installed to the common areas. Drawings have been previously submitted. This should be completed, weather permitting, within 24 months. |
| 5.29 | | X | For safety reasons, this driveway is a back-in space and if used as designed has an appropriate accessible isle. Notice to be provided to guests that this van-accessible parking spot is a back-in space. Nevertheless, Safari West poured the "concrete extension" to add to the length of the parking space as requested. |

EXHIBIT B

4936778.3

# EQUITABLE RELIEF ITEMS

## (SKAFF v. SAFARI WEST)

| Item No. | Action to be Completed | Action Completed | Detailed Description of Work |
|---|---|---|---|
| 5.30 | | X | "Van Accessible" aisle modified per 5.29, and if used by guests as requested is 8 feet wide. |
| 5.31 and 5.32 | X | | Handrails extensions to be added when handrails are replaced within 12 months. |
| 5.33 | X | | 60" x 60" landing will be provided when accessible paths are constructed from common areas to the decks. Estimated completion date within 24 months. |
| 5.34 | | X | New touch-base lamps have been purchased and replaced for all 3 lamps in both accessible tents. |
| 5.35 | | X | New heaters have been installed and the controls do not require pinching or grasping to operate. |
| 5.36-5.40 | X | | Reasonable modifications to comply with relevant codes will be made within 24 months. For example, an extra shower control will be added to existing California roll-in showers opposite wall. |
| 5.41 | | X | All 3 lamps in tent and bathroom have been replaced with touch bases in both accessible tents. |
| Safari Tour Vehicle | | X | Safari West has purchased an accessible vehicle to create a safe, unique and enjoyable experience. The vehicle is currently in use. |
| Modification to Policies | | X | No tent is guaranteed at Safari West, allowing it to provide the accessible tents to guests with disabilities at all times. |